# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

|   |   |   |
|---|---|---|
| RICARDO NEGRON,<br> Plaintiff, | : <br> : <br> : | No. 3:17-cv-1487 (SRU) |
| v. | : <br> : | |
| WARDEN MULLIGAN, et al.,<br> Defendants. | : <br> : <br> : | |

**ORDER RE SECOND AMENDED COMPLAINT**

On October 17, 2017, the Court filed an Initial Review Order regarding the amended complaint filed by the plaintiff, Ricardo Negron ("Negron"). The order dismissed the amended complaint without prejudice for failure to exhaust administrative remedies before commencing this action. Negron was informed that he could file a second amended complaint if he could demonstrate that he exhausted his administrative remedies before filing this action on September 5, 2017 with regard to the allegations in the original complaint and before September 21, 2017 with regard to the newly added allegations. ECF No. 9 at 7. Negron filed his second amended complaint on November 1, 2017.

As explained in the prior order, Negron was required to properly exhaust all claims before filing an action in federal court. *See Woodford v. Ngo*, 548 U.S. 81, 90-91, 93 (2006) (proper exhaustion "means using all steps that the agency holds out . . . (so that the agency addresses the issues on the merits) . . . [and] demands compliance with agency deadlines and other critical procedural rules"). The administrative remedies for the State of Connecticut Department of Correction are set forth in Administrative Directive 9.6, entitled Inmate

Administrative Remedies. They were set forth in detail in the prior ruling and may be found at: http://www.ct.gov/doc/LIB/doc/PDF/AD/ad0906.pdf (effective Aug. 15, 2013). As previously explained, the Unit Administrator is required to respond in writing to a Level 1 grievance within thirty business days of his or her receipt of the grievance. If he does not do so, the inmate may appeal the failure to dispose of the grievance in a timely manner to Level 2. *See id.* at 9.6(6)(I).

Negron has attached to his second amended complaint copies of the grievances he filed and a letter to the grievance coordinator complaining about the lack of a timely response. He has neither provided any evidence, nor alleged that he appealed the grievance to Level 2. Unless he did so, Negron did not properly exhaust his administrative remedies before commencing this action.

The case is **DISMISSED** for failure to exhaust administrative remedies. The Clerk is directed to enter judgment and close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 22nd day of December 2017.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge